UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN YUNG,

                            Petitioner,

            - against -

RIKERS ISLAND PRISON WARDEN OF OBCC,
and SGT. ADAMS,

                            Respondents.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

24-CV-5747 (RER)

**RAMÓN E. REYES, JR., United States District Judge:**

On July 3, 2024, John Yung ("Petitioner"), then incarcerated on Rikers Island, filed this *pro se* petition for a writ of habeas corpus in the United States District Court for the Southern District of New York. (ECF No. 2, Petition). On August 16, 2024, the petition was transferred to this Court.  (ECF No. 5.)  On September 13, 2024, Petitioner requested additional time to seek waiver of the filing fee and notified the Court of his new address at Mid-Hudson Forensic Psychiatric Center in New Hampton, New York.  (ECF No. 8.)  On September 27, 2024, Petitioner paid the filing fee to commence this action.  (ECF No. 10.)

## BACKGROUND

Petitioner seeks his "immediate release" from Rikers Island alleging "wrongful imprisonment" since January 8, 2024, pursuant to Indictment No. 71296-23.  (Petition at 1-2.)  He further alleges that the indictment should be "dismissed since it has been more than one hundred eight (180) days with people not ready for trial."  (*Id.* at 2.)  He has previously challenged his arrest and custody.  *See Yung v. Adams*, No. 24-cv-3004 (RER) (2241 habeas petition dismissed June 18, 2024); *Yung v. Adams*, No. 24-cv-3272 (RER) (2241 habeas petition withdrawn June 2, 2024); *Yung v. Adams*, No. 24-cv-3304 (RER) (2254 habeas petition withdrawn June 2, 2024).

1

## **DISCUSSION**

Under Article III of the U.S. Constitution, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgt., Inc.,* 722 F.3d 78, 80 (2d Cir. 2013) (citation omitted); *see also Leybinsky v. U.S. Immigration & Customs Enforcement*, 553 F.App'x 108, 109 (2d Cir. 2014) (summary order).   Petitioner's habeas application seeking his immediate release from Rikers Island is moot as he is, by his own admission, no longer detained on Rikers Island.  "When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the U.S. Constitution." *Baptiste v. Immigration and Naturalization Serv.*, No. 06-CV-0615 (NG), 2006 WL 3050884, at *1 (E.D.N.Y. Oct. 23, 2006); *Sokolov v. Holder*, No. 13-CV-947 (PAE), 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) ("Courts in this Circuit have held that a petitioner's release from custody generally moots a habeas petition challenging that custody.") (collecting cases)).   Therefore, Petitioner's request for relief, *i.e.*, immediate release from Rikers, is moot.[1]

---

[1] Even if Petitioner's request for relief were not moot, the Court cannot grant him the relief he seeks.  "Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). Section 2241 can supply relief for state pretrial detainees." *Dawson v. Toulon*, No. 22-CV-6341 (GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (quoting *York v. Shannon*, No. 22-CV-2663 (PKC), 2022 WL 16715291, at *1 (E.D.N.Y. Nov. 4, 2022); *see also Fredricks v. Hallett*, No. 21-CV-3690 (SLT), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021).  However, "[a] petitioner seeking relief under 28 U.S.C. § 2241 must exhaust available state court remedies." *York,* 2022 WL 16715921, at *1 (citations omitted); *Soto v. Warden, New York City Dep't of Correction*, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) (same).

"Under New York law, a prisoner may bring a petition for a writ of habeas corpus in the New York State Supreme Court, pursuant to Article 70 of New York's Civil Practice Law and Rules, on the ground that a condition of his confinement is unlawful." *Grafton v. Dzurenda*, No. 20-CV-3052 (MKB), 2020 WL 9816012, at *2 (E.D.N.Y. Dec. 11, 2020).  Here, Petitioner does not allege that he has exhausted his claims in state court before seeking federal habeas relief, therefore, any such petition would be dismissed, without prejudice, as premature.

## CONCLUSION

Accordingly, the petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is dismissed as moot.  A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: October 7, 2024
        Brooklyn, New York

3